IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATHY J. MOORE,        )<br>    Plaintiff,         )<br>                       )<br>vs.                    )<br>                       )<br>JIMMY H. BAKER, *et al.*,  )<br>    Defendants.        )  | CIVIL ACTION 2:18-00311-KD-B |

**ORDER**

This matter is before the Court on Defendants' motion to re-tax costs (Doc. 104); Plaintiff Kathy J. Moore's response (Doc. 109), and Plaintiff's motion to stay Defendants' motion pending appeal. (Doc. 110).

**I.    Background**

This is a gender discrimination case regarding Plaintiff Kathy J. Moore's (Moore) employment with Wallace Community College. Moore initiated this suit against Defendants[1] alleging five (5) counts as follows: 1) Count One against WCCS and the Board -- for gender discrimination in pay under Title VII of the *Civil Rights Act of 1964*; 2) Count Two against WCCS and the Board -- for gender discrimination in pay under the *Equal Pay Act*, 29 U.S.C. § 206; 3) Count Three against individual defendants Mitchell and Baker and the Trustee defendants -- for gender discrimination in pay under the Equal Protection clause / Fourteenth Amendment, as remedied through 42 U.S.C. § 1983; 4) Count Four against WCCS and the Board -- for age discrimination in pay under the *Age Discrimination in Employment Act* ("ADEA"), 29 U.S.C. §621

---

[1] Specifically, Defendants include: Jimmy Baker in his official capacity as Chancellor of the ACCS; the ACCS Board of Trustees; Alabama Governor Kay Ivey, in her official capacity as President of the ACCS Board; Al Thompson, Ron Fantroy, Susan Foy, Frank Caldwell, Crystal Brown, Milton A. Davis, Chuck Smith, and Blake McAnally, each in their official capacities as members of the ACCS Board; WCCS; and President Mitchell, both individually and in his official capacity as WCCS's President

1

*et seq*.; and 5) Count Five against WCCS and the Board -- for retaliation for engaging in conduct statutorily protected by Title VII and the ADEA. Moore's age discrimination claims and certain Defendants were dismissed as a matter of law prior to summary judgment. (Doc. 62).

On summary judgment, as to Moore's Equal Pay Act Claim, this Court ruled, "Moore has failed to rebut **each** of Defendants' non-discriminatory reasons that Thomas' starting salary was higher than Moore's ending salary… Specifically, Thomas' prior salary, combined with the need to recruit qualified candidates, Thomas' doctoral degree, and the untenured nature of the position are legitimate reasons for the higher salary paid to Thomas. Moore has not provided sufficient evidence from which a jury could find that these reasons are pretext from gender discrimination." (Doc. 102 at 29). Because Moore failed to rebut Defendants' non-discriminatory EPA affirmative defenses, Moore's remaining claims (Section 1983 Fourteenth Amendment Equal Protection and Title VII Gender Discrimination claims) also failed. (Doc. 102 at 30). On July 20, 2020, this Court granted Defendants' motion for summary judgment. (Doc. 102).

Defendants now move the Court, "in accordance with the Court's Civil Local Rule 54 and Standing Order 13," to re-tax costs. (Doc. 104 at 1). On August 18, 2020, Moore filed a notice of appeal of the Court's order on summary judgment and the accompanying final judgment. (Doc. 106). On August 19, 2020, Moore responded to Defendants' motion to re-tax costs. (Doc. 109). That same day, Moore moved for a stay of Defendants' motion pending a decision on appeal. (Doc. 110).

**II.     Relevant Law**

At the outset, this Court notes it is within its discretion to consider Defendants' motion to re-tax despite the pending appeal. See Belize Telecom, Ltd. v. Gov't of Belize, 528 F.3d 1298, 1310 (11th Cir. 2008) ("[W]e leave for the district court to determine whether a hearing on costs

and fees is appropriate, given the pending appeal…"). And see Civil Local Rule 54 ("Absent a court order, an appeal will not…delay the taxing of costs."). Thus, the Court **DENIES** Moore's motion for stay pending appeal. (Doc. 110).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, federal rule, or court order provides otherwise. See e.g., Pasternack v. Klein, 2019 WL 5111974, *4 (M.D. Fla. Aug. 26, 2019), report and recommendation adopted, 2019 WL 5110613 (M.D. Fla. Sept. 11, 2019) (quoting Fed. R. Civ. P. 54(d)(1)). And see Crossman v. USAA Cas. Ins. Co., 2020 WL 1172048, *5 (M.D. Fla. Feb. 7, 2020), report and recommendation adopted, 2020 WL 1170757 (M.D. Fla. Mar. 11, 2020) ("Federal law determines what costs may be awarded to a prevailing party in federal court…"). "Rule 54(d) does not five the district judge 'unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case.'" Feltman v. BNSF Railway Company, Inc., 2018 WL 9563249, *1 (N.D. Ala. 2018) (citing Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1964)). The Supreme Court limited what costs the district court awards under Rule 54(d) to the items set forth in 28 U.S.C. § 1920 and other related statutes. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Taxable costs pursuant to 28 U.S.C. § 1920 include:

> (1) Fees of the clerk or marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. See also " Feltman v. BNSF Railway Company Inc., 2018 WL 9563249, *1 (N.D. Ala. 2018).

The parties do not dispute that Defendants are the prevailing party. (Doc. 104 at 1; Doc. 109 at 2 (noting a successful appeal would strip Defendants of their status as the "prevailing party")). Defendants, as the "party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs." Zainulabeddin v. Univ. of South Fla. Bd. of Trustees, 749 Fed.Appx. 776, 787 (11th Cir. 2018).

### III.   **Deposition Transcripts**

Defendants here seek recovery of costs for five deposition transcripts per "this Court's Civil Local Rule 54 [and] Standing Order 13." (Doc. 104 at 1). This Court's Standing Order 13 requires the prevailing party submit a "written representation…that a substantial portion of the deposition was admitted in evidence on the trial of the case."[2] Otherwise the clerk may not tax the costs of the original or a copy of a deposition unless ordered by the court. Id. This case did not proceed to trial; summary judgment was granted in favor of Defendants. (Doc. 102). However, this Court has discretion to award costs under 28 U.S.C. § 1920 notwithstanding the limitations of Standing Order 13. See e.g., Coulter v. J.C. Penney Corp., Inc., 2007 WL 1521634, *1 (S.D. Ala. May 23, 2007). And, deposition transcripts do not need to be used at a trial in order to be

---

[2] Standing Order 13 provides that costs shall be taxed as follows:

1. Deposition Costs:

   (a) The Clerk may tax the cost of an original deposition upon the written representation of counsel for a party claiming the cost that a substantial portion of the deposition was admitted in evidence on the trial of the case.

   (b) The Clerk shall not otherwise tax the costs of either the original or a copy of the deposition (unless otherwise ordered by the court) and any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 54(d) and Local Rule 54.1 and present the matter to the court.

compensable. Powell v. The Home Depot, U.S.A., Inc., 2010 WL 4116488, *9 (S.D. Fla. Sept. 14, 2010) (citing George v. Florida Dept. of Corrections, 2008 WL 2571348, *5 (S.D. Fla. May 23, 2008)). As explained in Catanzaro v. Alabama State Port Auth., 2006 WL 3933275, *3 (S.D. Ala. Dec. 7, 2006) (same):

> Standing Order 13 provides that "any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 45(d) [sic] and Local Rule 54.1 and present the matter to the court." Local Rule 54.1 provides the procedure for taxation of costs by the clerk in this court. It specifically states that "This order limits only the authority of the clerk to assess costs for certain items otherwise taxable under Section 1920 but does not limit a prevailing party's ability to recover under the statute." … if the expenses are specifically enumerated in § 1920, the court upon proper motion by the prevailing party, may tax the expenses although they were correctly disallowed by the clerk pursuant to Standing Order 13…..

Id.

Section 1920(2) authorizes the taxation of deposition expenses. 28 U.S.C. § 1920(2). United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" United States E.E.O.C. v. W&O, Inc., 213 F.3d at 620. "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id.

Here, Defendants here **$2,726.75** in "costs for the original deposition transcript of Plaintiff Kathy J. Moore, and for copies of the deposition transcripts of Defendant James Mitchell, Defendant Alabama Community College System (Nikita Payne, pursuant to Rule 30(b)(6)), Defendant Wallace Community College Selma (Dr. Donitha Griffin, pursuant to Rule 30(b)(6), who also testified individually), and Dr. Herbert Thomas, Jr. Except for the deposition of the Plaintiff, the depositions were noticed and taken by the Plaintiff in discovery." (Doc. 104 at 3). In

support, Defendants contend that the depositions were necessarily obtained for use in this case and "were cited extensively in Defendants' motion for summary judgment brief and reply brief." (Id.). Defendants also submitted an affidavit from Christine Harding Hart, counsel of record for Defendants, attesting to the necessity of these depositions on summary judgment. (Doc. 104-1 at 2 (Decl. Hart at 2)). Defendants also submitted invoices for the five depositions referenced *supra*. (Docs. 104-2 at 1-4).

Moore "does not challenge that the five (5) depositions…for which defendants seek to recover costs were 'necessarily obtained,' whether wholly or partially, for 'use in this case.'" (Doc. 109 at 2 (citing computer Program 2019 WL 1119352, *8 (S.D. Ala. March 11, 2019)). Moore contends Defendants are entitled to recover the cost of the transcript of the original (as the deposing party) or one copy (e.g., if a deposition taken by plaintiff). (Id. at 2). However, Moore asserts that the invoices Defendants submitted in support fail to itemize the costs Defendants seek to recover. (Id.). Therefore, per Moore, neither Moore nor the Court can identify the recoverable costs from those which are not recoverable. (Id. at 2-3).

As to the deposition transcript for Moore, the invoice reflects a total expense of $825.75 for: "full day per diem, Min-U-Script (1), Mileage to Montgomery, Postage & Exhibits." (Doc. 104-2 at 1). "Recoverable costs include deposition transcript costs…" but "[t]he fees for expedited or condensed transcripts, compressed and min-u-script[3] versions...are not reimbursable under Section 1920." See Parrot, Inc. v. Nicestuff Dist. Int'l., Inc., 2010 WL 680948, *14 (S.D. Fla. Feb. 24, 2010 (finding deposition transcript costs recoverable); George v. Florida Dept. of Corrections, 2008 WL 2571348, *5 (S.D. Fla. May 23, 2008) (finding min-u-script versions of depositions to be for the convenience of the attorney and non-recoverable); Lindley v. Federal Deposit Insurance

---

[3] Plaintiff identifies this line item in Defendants' invoices as a "travel or condensed transcript"; Defendants have not clarified whether such was obtained in lieu of a transcript or in addition.

Corporation, 2012 WL 13005931, *5 (S.D. Ga. July 30, 2012) (finding min-u-script fees non-recoverable). Exhibit copies "produced for the purpose of supplementing the depositions on which the court relied in granting summary judgment" and *per diem* attendance fees of the court reporter are taxable. See Kidd v. Mando Am. Corp., 870 F.Supp.2d 1297, 1299 (M.D. Ala. May 12, 2012); Parrot, Inc. v. Nicestuff Dist. Int'l. Inc., 2010 WL 680948, *14 (S.D. Fla. Feb. 24 2010); Procaps v. Patheon Inc., 2016 WL 411017, *3 (S.D. Fla. Feb. 2, 2016) (finding taxable deposition costs extend to *per diem* charges). In addition to Defendants' request for "full day per diem" costs, Defendants also request "mileage to Montgomery." (Doc. 104-2 at 1). The invoice does not specify the costs for each line item; because of this, the Court is unable to determine if these items are duplicative or if the costs are recoverable. Last, postage is considered an ordinary business expense and is not recoverable. See Gary Brown & Associates, Inc., v. Ashdon, Inc., 268 Fed.Appx. 837, 846 (11th Cir. 2008) (finding courier and postage fees are not recoverable under Section 1920). This invoice fails to itemize the respective cost for each line-item. Thus, even though there are recoverable costs contained in the invoice, there is insufficient information for the Court to separate the recoverable items from those which are not recoverable.

Next, for the deposition of James Mitchell, the invoice lists: "Min-U-Script (1) Electronic Delivery Only" totaling $456.50. (Doc. 104-2 at 2). Similarly, the invoice for Nikita Payne's deposition lists "Min-U-Script (1) Exhibits Electronic Delivery Only" totaling $492.50. (Doc. 104-2 at 4). Min-U-Script expenses are not recoverable.[4] George, 2008 WL 2571348 at *5; Lindley, 2012 WL 13005931 at *5.

The third invoice itemizes the following recoverable expenses: Copy of Transcript for the deposition of Dr. Herbert Thomas, Jr. $380.25; Copy of Transcript for the deposition of Dr.

---

[4] Again, it is unclear whether the min-u-script was obtained in lieu of or in addition to the reimbursable transcript.

Donitha Griffin $499.50. (Doc. 104-2 at 3). The invoice itemizes $30 for a condensed transcript which is not recoverable. Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408, *7-8 (S.D. Ala. Jan. 17, 2013) (finding condensed travel copies for the convenience of counsel and therefore not recoverable). The invoice also lists $42.25 for "Delivery and Copies of Exhibits." Delivery and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses. See Gary Brown & Associates, Inc., v. Ashdon, Inc., 268 Fed.Appx. 837, 846 (11th Cir. 2008) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable); Crouch, 2013 WL 203408 at *8 (same). Exhibits are reimbursable but the itemization fails to separate recoverable items from non-recoverable items by grouping "delivery" with "copies of exhibits." Thus, the costs of Dr. Thomas' and Dr. Griffin's depositions are taxed against Moore in the amount of **$879.75.**

### IV.     Conclusion

Accordingly, Defendants' motion is **GRANTED in part** and **DENIED in part**. Costs of the deposition transcripts are taxed against Moore in the total amount of **$879.75.**

**DONE** and **ORDERED** this the **21st** day of **August 2020.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**